**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PAULO LANZAROTTI,

                    Plaintiff,                  **REPORT AND**
                                                                     **RECOMMENDATION**

        - against -

                                                      09-CV-1776 (KAM) (JO)

VARITALK, LLC, et al.,

                    Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Paulo Lanzarotti ("Lanzarotti") accused defendants Varitalk, LLC ("Varitalk"), Frederick Lowe ("Lowe"), and Derek Goldberg ("Goldberg") of, among other things, breach of contract and fraud. Docket Entry ("DE") 1 (Notice of Removal and Complaint). However, for more than a year after the case was removed to federal court on April 29, 2009, Lanzarotti has permitted his case against Goldberg to lie dormant. He has done so despite a warning of the possible consequences of inaction. I therefore respectfully recommend that the court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).

I.    <u>Background</u>

      This case was removed to federal court on April 29, 2009. Notice of Removal and Complaint. Lanzarotti's claims against Varitalk and Lowe ultimately were settled and dismissed. DE 18; DE 21. On November 10, 2009, I entered the following order:

> A review of the docket entries in this action indicates that there has been no activity as to the defendant Derek Goldberg since the Notice of Removal was filed on April 29, 2009 (docket entry 1). No later than December 10, 2009, one of the following events must occur: (a) the defendant Derek Goldberg must file an answer, (b) the parties must file a stipulation extending the defendant Derek Goldberg's time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case against the defendant Derek Goldberg and will

> promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case as to that defendant for failure to prosecute.

DE 3. That deadline passed, and the plaintiff never responded.

II.     Discussion

A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion).

Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Barahman v. Sullivan*, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

All five factors weigh in favor of dismissal. First, Lanzarotti has allowed his case against Goldberg to lie "dormant with no significant activity[,]" *id.*, since its inception over 17 months ago, when he filed his complaint in state court. Second, his inaction has continued even in the face of an explicit warning that such behavior could result in the dismissal of his claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, although the case has not cluttered the court's docket for very long, there is no sign that it will move forward in the future; moreover, Lanzarotti's right to an opportunity for a day in court has been thoroughly vindicated – notwithstanding the fact that he has inexplicably squandered that opportunity with respect to Goldberg. Finally, no lesser sanction than dismissal is likely to be effective in light of Lanzarotti's failure to respond to my order directing him to take action on pain of possible dismissal.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court dismiss plaintiff Paulo Lanzarotti's claims against defendant Derek Goldberg for failure to prosecute pursuant to Federal Rule of Civil Procedure Rule 41(b).

IV.     Objections

I direct the plaintiff to serve a copy of this Report and Recommendation on defendant Goldberg by certified mail, and to file proof of service no later than August 3, 2010. Any objections to this Report and Recommendation must be filed no later than August 17, 2010. Failure to file objections within this period designating the particular issues to be reviewed

3

waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
July 29, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge